## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA

ALEJANDRINA TRETO, AND
A.P., BY AND THROUGH HIS
NATURAL GUARDIANS, ALEJANDRINA TRETO
& JOSE RAUL PONCE,

    PLAINTIFFS,

V.

TYSON SALES AND DISTRIBUTION, INC., AND
JUAN CARLOS FUENTES,

    DEFENDANTS.

CASE NO. 6:21-CV-01061

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiffs Alejandrina Treto ("Treto") and A.P. ("A.P."), and for Plaintiffs' First Amended Complaint against Defendants Tyson Sales and Distribution, Inc. ("Tyson") and Juan Carlos Fuentes ("Fuentes), Plaintiffs state:

1.   This is a trucking case involving brain and other injuries to Plaintiff Treto and bodily injury to minor Plaintiff A.P. after Defendant Fuentes, operating Defendant Tyson's tractor-trailer, failed to stop at a highway stop sign before driving in front of Plaintiff Treto's vehicle in Ford County, Kansas on February 9, 2021.

### PARTIES, JURISDICTION, AND VENUE

2.   Plaintiff Alejandrina Treto is and individual resident of the state of Kansas.

3.   Plaintiff A.P. is a minor individual who is also a resident of the State of Kansas.  Plaintiff brings his claim through his natural parents Alejandrina Treto and Jose Ponce.

4.   Defendant Juan Carlos Fuentes is an individual resident of Texas.

5.      Defendant Tyson Sales and Distribution, Inc. is a Delaware corporation registered in Arkansas, where Tyson is headquartered and also maintains a resident agent to accept service of process.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 & 28 U.S.C. § 1367.  Further, Plaintiff seeks damages in excess of $75,000.

7.      The events and claims herein arose from conduct occurring in the state of Kansas.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### FACTS COMMON TO ALL COUNTS

9.      The events at issue in this case occurred within Ford County, Kansas, and Venue is proper in this District.

10.     On February 9, 2021, Plaintiff Treto was driving west on US Highway 50 at the same time that Fuentes was driving north on Highway U283.

11.     Plaintiff A.P. was a passenger in the back seat of the vehicle Treto was driving at the time of the crash with Defendant Fuentes.

12.     Defendant Fuentes was driving a tractor trailer with a carrier identification number (USDOT #) and was subject to federal regulations as a motor carrier or driver of a commercial motor vehicle.

13.     Defendant Fuentes was driving the tractor trailer while acting in the course and scope of his employment with Defendant Tyson.

14.     Defendant Tyson owned the tractor trailer that Fuentes was operating on February 9, 2021 at the time of the crash with Plaintiffs.

15.     Defendant Fuentes failed to stop at a stop sign at the intersection of US Highway 50 and U283 on February 9, 2021 at approximately 7:00 p.m.

16.     Defendant Fuentes then drove into the intersection without stopping, and Plaintiffs were trapped underneath the tractor trailer and dragged approximately 100 feet while in a Toyota Camry.

17.     Local emergency-response personnel had to use specialized tools, including a crane and jaws of life, to extract Plaintiffs from the Toyota Camry trapped underneath the tractor trailer.

18.     Plaintiff Treto suffered bodily injuries and brain injuries that required emergency air transportation to Wesley Medical Center in Wichita, Kansas.

19.     Plaintiff Treto continued to suffer pain and symptoms from her injuries following the crash and required further medical treatment after her initial treatment at Wesley Medical Center.

20.     Plaintiff A.P. also suffered bodily injury and was transported for hospital treatment.

## COUNT I—NEGLIGENCE

21.     Defendant Fuentes had a duty to exercise reasonable care while operating a tractor trailer on February 9, 2021.

22.     Defendant Tyson employed Defendant Fuentes to drive the tractor trailer involved in the crash at issue.

23.     Defendant Tyson is vicariously liable for Defendant Fuentes's negligence in this case because Defendant Fuentes was acting in the course and scope of his employment with Defendant Tyson at the time of the crash.

3

24.     Defendant Fuentes was negligent and failed to act as a reasonable person would act under the circumstances.

25.     Defendant Fuentes holds a Commercial Driver's License ("CDL") that imposes additional responsibilities for operators of tractor trailers, and Defendant Fuentes violated several of those CDL duties.

26.     Defendant Fuentes failed to maintain a proper lookout; to stop at an intersection marked by at least two (2) stop signs; to slow down when approaching an intersection and anticipate potential traffic hazards; to comply with applicable state laws and ordinances governing the operation of a motor carrier; and to otherwise use reasonable care.

27.     Defendant Fuentes's conduct also made it impossible for a person exercising reasonable care while driving into the intersection of US Highway 50 and U283 to avoid a crash when Fuentes failed to stop and continued into the intersection, thus making fault for the crash attributable only to Defendants.

28.     Defendants negligence caused the crash that injured Plaintiffs.

29.     Plaintiff Treto exercised reasonable care while operating the Toyota Camry before and at the time of the crash.

30.     Plaintiff Treto acted in a reasonable manner while driving the Toyota Camry and does not bear any fault for the injuries sustained.

31.     Plaintiff A.P. also does not bear any fault for the injuries sustained and cannot be held liable or comparatively negligent for the crash and resulting damages at issue.

4

32.      Plaintiffs suffered both economic and noneconomic damages in an amount that exceeds $75,000 from the crash caused by Defendants.

WHEREFORE, Plaintiff requests judgment against Defendant Fuentes and Defendant Tyson for an amount exceeding $75,000.00, plus interest to the extent allowed by law, the costs of this action, and such other relief in the Plaintiffs' favor as the Court deems just and equitable.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs request a trial by jury of twelve persons on all issues in this matter in a District of Kansas courthouse in Wichita, Kansas.

Respectfully submitted,

/s/ *Pablo H. Mose*
Paul "Pablo" H. Mose, #27532
David J. Rebein, #10476
**REBEIN BROTHERS**
TRIAL LAWYERS
810 Frontview – P.O. Box 1147
Dodge City, KS 67801
Tel.: 620.227.8126
Fax: 620.227.8451
Email: Dave@rbr3.com
Pablo@rbr3.com
*Counsel for Plaintiffs*

<u>DESIGNATION OF PLACE OF TRIAL</u>

Come now the Plaintiffs, and designate Wichita, Kansas as the place of trialfor the

above captioned action.

Respectfully submitted,

/s/ *Pablo H. Mose*
Paul "Pablo" H. Mose, #27532
David J. Rebein, #10476
**REBEIN BROTHERS**
TRIAL LAWYERS
810 Frontview – P.O. Box 1147
Dodge City, KS 67801
Tel.: 620.227.8126
Fax: 620.227.8451
Email: Dave@rbr3.com
Pablo@rbr3.com
*Counsel for Plaintiffs*

6